CURTIS LEIGH UNDERWOOD v. ROBERT HENRY GAY, WILSON KELL GAY, AND MARVIN NEAL GAY, INDIVIDUALLY AND DOING BUSINESS AS GAY BROTHERS IMPLEMENT COMPANY, A PARTNERSHIP, AND HOWARD J. WILLIAMS.

(Filed 14 December, 1966.)

APPEAL by defendants from *Carr, J.,* March 1965 Civil Session, and from *Hall, J.,* April 1966 Regular Civil Session, of WAKE.

Plaintiff instituted this civil action to recover for personal injuries and damage to his car allegedly caused by the negligent operation by defendant Williams of a truck of his employers, defendants Gay, partners doing business as Gay Brothers Implement Company.

Plaintiff, in substance, alleged: On January 9, 1963, about 7:40 a.m., plaintiff was driving his car and Williams was driving his said employers' truck south on U.S. Highway No. 1 towards Raleigh. There were two lanes for southbound traffic, the truck being in the left (east) lane and plaintiff's car being in the right (west) lane. Plaintiff blew his horn, increased his speed and was beginning to pass the truck when Williams, without giving any signal of his intention to do so, suddenly cut to his right towards the front of plaintiff's car, thereby forcing plaintiff off the highway onto the right (west) shoulder thereof and into a ditch and causing him to overturn. (Note: There was no collision or contact between the vehicles.) Defendants' negligence, in particulars set forth, proximately · caused personal injuries to plaintiff and damage to his car. Defendants were negligent, *inter alia,* in that Williams made the alleged sudden right turn from a direct line without first seeing that such movement could be made in safety and without giving signal of his intention to make such movement as required by G.S. 20-154.

Defendants, in a joint answer, denied all allegations as to their alleged negligence, pleaded that plaintiff's negligence was the sole proximate cause of his injuries and damage and, conditionally, pleaded that plaintiff was guilty of contributory negligence.

In the trial at March 1965 Civil Session, before Carr, J., the jury answered the first and second issues, which related to the alleged negligence of defendants, "Yes," and answered the third issue, which related to the alleged contributory negligence of plaintiff, "No," and awarded damages of $575.00 for personal injuries and $150.00 for property damage.

Judge Carr accepted the verdict as to the first three issues but, in the exercise of his discretion, set aside the portion of the verdict (answer to fourth issue) relating to damages and ordered a new trial relating solely to that issue.

The trial at April 1966 Regular Civil Session before Judge Hall related solely to the issue of damages. The jury's verdict awarded damages of $7,577.00 for personal injuries and $515.00 for property damage.

Based upon said verdicts, judgment was entered by Judge Hall providing that plaintiff have and recover of defendants $8,092.00 and that defendants pay the costs of the action to be taxed by the clerk. Defendants excepted and appealed, assigning errors based on exceptions taken during the trial before Judge Carr and on exceptions taken during the trial before Judge Hall.

*Boyce, Lake & Burns for plaintiff appellee.*
*Broughton & Broughton and John D. McConnell, Jr., for defendant appellants.*

PER CURIAM. Defendants' principal assignments of error are based on exceptions taken during the trial before Judge Carr.

Defendants contend the evidence was insufficient to show *their* truck was involved in any way in any incident such as that referred to in plaintiff's allegations and evidence. Williams testified he had no knowledge of such an incident. We have examined the evidence, both direct and circumstantial, in close detail. When considered in the light most favorable to plaintiff, it was sufficient to support jury findings that the truck involved was that of defendants Gay and that the negligence of their agent, Williams, proximately caused plaintiff's injury and damage.

Defendants' contention that Judge Carr failed to apply general principles of law to the factual situation disclosed by the evidence is without merit. Careful reading of the charge shows compliance with G.S. 1-180 in such manner as to merit commendation.

All assignments, including those based on exceptions taken at the trial before Judge Carr and also at the trial before Judge Hall, have received careful consideration. Although defendants' counsel have explored with diligence and have discussed *in extenso* all

possibilities of error, prejudicial error has not been shown and further discussion is deemed unnecessary. Hence, the verdicts and judgment will not be disturbed.

No error.

LAKE, J., took no part in the consideration or decision of this case.